UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID ZIMAND (D/B/A DAVID ZIMAND PHOTOGRAPHY) <br><br> Plaintiff, <br> v. <br><br> PENSKE MEDIA CORP.; <br> YEDIOT AHRONOTH GROUP; <br> JERUSALEM POST FABLIKIISNS, LTD. <br> BLUEFIN MEDIA, INC.; <br> JUST JARED, INC.; <br> BAUER PUBLISHING AND DISTRIBUTING (U.S.A.), INC.; <br> BAUER PUBLISHING AND PRINTING LTD.; <br> BAUER PUBLISHING COMPANY, L.P.; and; <br> JOHN DOES (1-23) <br> Defendants. | 2015-Civil Action No. 02545 (WHP) |

## FIRST AMENDED COMPLAINT

1.      This is an action for copyright infringement pursuant to 17 U.S.C. section 1, et seq.

## PARTIES

2.      David Zimand is the exclusive owner of the pictorial works he has captured through his camera in the arenas of portraiture, wedding, food, fine wine and fashion. David Zimand's studio and business is known as David Zimand Photography.  David Zimand resides at 34 E. Palisade Avenue, #1D, Englewood, New Jersey.  The principal place of business of David Zimand Photography is also located at 34 E. Palisade Avenue, #1D, Englewood, New Jersey.

3.      Penske Media Corporation ("Penske") is a publishing house for certain well-

known magazines and e-zines whose portfolio includes *Hollywood Life*.  Penske is located at 120 W. 45th Street, New York, New York.

4.       Yediot Ahronoth Group ("YAG") is a publishing house for the Israel-based newspaper Yediot Ahronoth and its website Ynet.  Ynet publishes Hebrew- and English-language content from both Yediot Ahronoth and its own original work.  Ynet is held to be among the top 1,500 websites in the world.  The headquarters for YAG is located at 138 Begin Road, Tel Aviv, Israel.

5.       Jerusalem Post Fablikiisns Ltd. ("JPF") is a publishing house for the Israel-based newspapers Jerusalem Post and Ma'ariv, whose websites post contents in Hebrew and English.  The headquarters for the JPL is located at St. Brothers Salviati 15, Tel Aviv, Israel.

6.       Bluefin Media, Inc. ("BMI") is an Ohio corporation serving as the publishing house for the online website, Gossip Center.  According to BMI, its company has achieved phenomenal growth and penetration among brand advertisers with 2 billion page views among its publications and online portals.  BMI's corporate headquarters is located at 2262 Levis Commons Boulevard, Perrysburg, OH 43551.

7.       Just Jared, Inc. ("JJI") is a New York corporation serving as the publishing house for its online entertainment website, JustJared.com.  JJI's corporate headquarters is located at 10880 Wilshire Boulevard, Suite 1101, Los Angeles, CA 90024.

8.       Bauer Publishing Group ("Bauer") is a group of the following New Jersey corporations, Bauer Publishing & Distributing (U.S.A)., Inc., Bauer Publishing and Printing, Ltd. and Bauer Publishing Company, L.P.  Each has a principal place of business at 270 Sylvan Avenue, Englewood Cliffs, New Jersey.  Bauer serves as the

publishing house for the entertainment magazine *InTouch Weekly*. According to its website, Bauer sells more magazines at retail than any other magazine publishing company, and Bauer's products including digital reach millions of people around the globe.

9. John Does (1-23) are other publishing houses of on-line or print content, whose names or connections with this forum are as yet unknown. Plaintiff expects to amend the complaint and add additional proper parties when their names and connections with this forum are ascertained through discovery or further investigation.

## FACTS

10. Plaintiff re-alleges paragraphs 1 through 9 as if fully set forth herein.

11. On or about February 15, 2015, Plaintiff took a professional-quality photograph of supermodel Bar Refaeli and her soon to be fiancé, Adi Ezra, at a gala event in New York, New York (the "Zimand Photo"). Both posed for and gave permission to Plaintiff to take the professional photos. Upon information and belief, there are no other publicly available professional-quality photographs of the couple.

12. On or about March 9, 2015, Plaintiff submitted an application with the United States Copyright Office ("Copyright Office") to register the Zimand Photo under case number 1-2203061351. The application included the Zimand Photo (dsc.06094.jpg) as one among the "Times of Israel Gala Portraits 2015." On or about March 11, 2015, the Copyright Office issued Copyright Registration VAu001206111, which included the Zimand Photo. A copy of the Registration is attached as Exhibit 1. A copy of the Zimand Photo is attached as Exhibit 2.

13. Bar Refaeli is a famous model, known throughout the world. She has appeared on the covers of reputed magazines *Elle*, *Marie Claire*, *Cosmopolitan*, *GQ*, *Esquire*, *Maxim*,

and others. She has dated celebrity-actors and her dating life is therefore often extensively covered in the fashion and entertainment industry. Her relationship with Ezra prior to Refaeli's engagement to him has also been extensively covered within these industries. Refaeli has over 750,000 followers on Twitter and 1.6 million followers on Instagram. Each of these websites allows Refaeli to post and therefore publicize her activities in real-time to those followers.

14. On Plaintiff's photographs, Plaintiff employs the watermark "© 2015 David Zimand" ("Zimand Watermark"). Plaintiff provided Refaeli and Ezra the photograph electronically through a third party with the Zimand watermark superimposed.

15. On or about February 24, 2015, Refaeli published the Zimand Photo bearing the Zimand Watermark on her Instagram and Facebook accounts.

16. On or about March 11, 2015, Refaeli and Ezra announced their engagement to be married.

17. On or about March 11 and 12, 2015, the Defendants published an edited version of the Zimand Photo without the Zimand Watermark on their respective websites. Each unauthorized publication of the Zimand Photo was available for viewing and viewed within this judicial district.

19. Defendant Penske published an edited version of the Zimand Photo in *Hollywood Life,* superimposing a caption over the space where the Zimand Watermark appeared on the Zimand photo. *See* Exhibit 3A.

20. Defendant YAG published an edited version of the Zimand Photo on its Ynet website by framing the Zimand Photo within a "heart shape" and cropping the Zimand Watermark (*see* Exhibit 3B) and continues to publish the Zimand Photo on its website,

despite Plaintiff's notice by letter of YAG's infringing activities.

21.  Defendant JPF published an edited version of the Zimand Photo on its Ma'ariv newspaper website and continues to publish the Zimand Photo on its website, despite Plaintiff's notice by letter of JPF's infringing activities.  *See* Exhibit 3C.

22.  BMI published an edited version of the Zimand Photo on its Gossip Center website and continues to publish the Zimand Photo on its website, despite Plaintiff's notice by letter of BMI's infringing activities.  *See* Exhibit 3D.

23.  JJI published an edited version of the Zimand Photo on its Just Jared website, cropping the Zimand Watermark and superimposing its own "Just Jared" watermark.  *See* Exhibit 3E.

24.  Bauer published an edited version of the Zimand Photo on its InTouch Weekly website.  *See* Exhibit 3F.  Bauer attributed copyright ownership of the Zimand Photo to Instagram.  Upon information and belief, such an attribution is unreasonable as Defendant Bauer would have been in a position to know the mere publication of pictorial works is distinct from their creation.  Instagram's website indeed warns users to comply with copyright laws and requires a representation that any posted content is owned by the poster.  https://instagram.com/about/legal/terms.  As the Zimand Photo was first published on Instagram with the Zimand Watermark, Defendant Bauer was aware that Plaintiff was the copyright owner of the Zimand Photo.

25.  At no time did Plaintiff grant either permission or authority to Defendants to post the Zimand Photo, nor to alter the Zimand Watermark.

26.  Further, the John Doe Defendants also published either an edited version of the Zimand Photo on their websites and otherwise published the Zimand Photo without the

permission or authority of Plaintiff.

27.     By editing and cropping the Zimand Watermark from the Zimand Photo or posting the edited and cropped Zimand Photo on their websites, Defendants acted with at least reckless disregard of Plaintiff's rights as copyright owner of the Zimand Photo.

## JURISDICTION

28.     Plaintiff re-alleges paragraphs 1 through 27 as if fully set forth herein.

29.     This Court has subject matter jurisdiction of this matter pursuant to 17 U.S.C. sections 106, 113 & 501 through 505 and 28 U.S.C. sections 1331 and 1338(a).

30.     This Court has general personal jurisdiction over the Defendants Penske and Just Jared, Inc. as each conducts systematic and continuous business within New York State and treat New York State as a corporate domicile and/or residence.

31.     This Court has specific personal jurisdiction over the Defendants collectively because the infringing Zimand Photo originates from New York State and are related to New York State, and Defendants have purposefully availed themselves of New York State.  Plaintiff took the Zimand Photo at a New York event within this judicial district, and Defendants have published the Zimand Photo on information and belief intentionally to generate traffic to their respective websites from internet users including those residing in this judicial district and throughout New York State.

## VENUE

32.     Plaintiff re-alleges paragraphs 1 through 31 as if fully set forth herein.

33.     Venue is proper in this judicial district under 28 U.S.C. sections 1391 and 1400, as certain Defendants are domiciled/reside in New York State and as a substantial part of the events giving rise to the claim occurred in New York State.

## COPYRIGHT INFRINGEMENT

34.   Plaintiff re-alleges paragraphs 1 through 33 as if fully set forth herein.

35.   Defendants have violated the exclusive copyright rights of the Plaintiff by publishing an edited version of the Zimand Photo in addition to deleting Plaintiff's watermark and failing to attribute ownership to the proper party.

36.   Plaintiff has complied in all respects with the United States Copyright Act and all other laws respecting copyright by applying and receiving copyright registration of the Zimand Photo.

37.   Plaintiff caused Defendants to be on actual or constructive notice of Plaintiff's copyright ownership of the Zimand Photo.

38.   Notwithstanding Defendants' notice and knowledge of Plaintiff's rights and without Plaintiff's permission or authority, Defendants have copied, used, disseminated, and digitally manipulated and altered the Zimand Photo.

39.   Defendants' acts of infringement have been, and with respect to at least YAG, BMI and JPF continue to be, willful.

40.   The unauthorized and infringing use by Defendants of Plaintiff's copyrighted materials will unless enjoined, cause irreparable harm, damage and injury to Plaintiff.  In addition, Defendants have unlawfully and wrongfully derived and will continue to derive income and profits from their infringing acts.

## JURY DEMAND

Plaintiff demands a trial by jury on all jury-triable issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants for:

   a.   A permanent injunction enjoining Defendants and their agents, servants, and employees from infringing in any manner Plaintiff's copyright and from

      copying, disseminating, altering or otherwise disposing of any copies thereof following a final decision in this action;

b.   An accounting for payment to Plaintiff of all of the following sums:

      All gains, profits and advantages derived by Defendants as a result of their infringement of Plaintiff's copyright, statutory damages or such damages as the Court shall deem proper and within the provisions of the copyright statute, 17 U.S.C. section 1 et seq.

c.   The delivery by Defendants, their agents, employees and all holding with, through or under, or anyone acting on their behalf to be impounded of all articles alleged to infringe the copyright of Plaintiff;

d.   Delivery by Defendants, their agents, employees and all holding with, through, or under or anyone on their behalf for destruction following a final decision in this action, of all infringing copies including all infringing derivative images, digital files, magnetic tapes, optical disks, and other means for making infringing copies;

e.   Reasonable attorneys' fees, interest and costs of suit; and

f.   Such other and further relief as the Court deems equitable and just.

GARSON SEGAL STEINMETZ
FLADGATE LLP

Dated: June 30, 2015    By:    /s/

Michael Steinmetz
Kevin Murphy
164 W. 25th Street
New York, New York 10001
Tel: (212) 380-3623
Fax: (212) 537-4540