UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID ZIMAND (D/B/A DAVID ZIMAND PHOTOGRAPHY)

Plaintiff,

v.

AOL, INC.; ZOOM.IN BV (d/b/a ZoomIn TV); STAGE 29 PRODUCTIONS, LLC; HELLO AND HOLA MEDIA, INC. (d/b/a Hello! US ONLINE); FASHION ONE GROUP (D/B/A FASHION MODEL DIRECTORY) and LOCKERDOME, LLC.

Defendants.

2015-Civil Action No. 02545 (WHP)

## SECOND AMENDED COMPLAINT

1. This is an action for copyright infringement pursuant to 17 U.S.C. section 1, et seq.

## PARTIES

2. David Zimand is the exclusive owner of the pictorial works he has captured through his camera in the arenas of portraiture, wedding, food, fine wine and fashion. David Zimand's studio and business is known as David Zimand Photography. David Zimand resides at 34 E. Palisade Avenue, #1D, Englewood, New Jersey. The principal place of business of David Zimand Photography is also located at 34 E. Palisade Avenue, #1D, Englewood, New Jersey.

3. AOL, Inc. ("AOL") is a multi-platform internet technology company, organized under the laws of the State of Delaware with its principal place of business located at 770

1

Broadway, 4th Floor, New York, New York. AOL features many services including access to the internet via its well-known search engine, and celebrity and entertainment news on celebrity-portion of its website (URL, including www.aol.com), allowing AOL to generate hundreds of millions of dollars in advertising revenue based upon its generated content.

4. Zoom.in BV ("ZoomIn") is a media company, headquartered at Hoogte Kadijk 143F25 1018 BH in Amsterdam, Netherlands. Upon information and belief, ZoomIn is a supplier of pictorial content to AOL, including the infringing subject matter of this action, and has indemnified AOL for such claims, including without limitation claims related as here to copyright infringement.

5. Stage 29 Productions LLC ("Stage 29") is the publishing house for the website *Rumor Fix* at Uniform Resource Locator (URL) www.rumorefix.com. Stage 29 is located at 137 North Larchmont Boulevard, Los Angeles, CA 90004. According to its Twitter feed, Rumor Fix is located in both Los Angeles and New York City.

6. Hello and Hola Media, Inc. (d/b/a Hello! US Online) is a corporation organized under the laws of the State of New York, which on information and belief, is responsible for the content of the Hello! US Online website (URL: us.hellomagazine.com), which distributes entertainment and celebrity content Hello and Hola Media, Inc., upon information and belief, is also responsible for the website NewAdamEve.com, which also provides entertainment and celebrity content similar to that of Hello! US Online. Hello and Hola Media, Inc. is located at 112 W. 34th Street, 18th Floor, New York, NY.

7. Fashion One Group, doing business as Fashion Model Directory ("FMD"), is a corporation organized under the laws of the United Kingdom, and according to its

website (URL: fashionmodeldirectory.com) maintains a headquarters at Suite 2137, 244 5th Avenue, New York, New York. FMD purports to be the most comprehensive and authoritative source of professional fashion information, including providing content and personal information about well-known professional models.

8. Lockerdome LLC ("Lockerdome") is a company organized under the laws of the State of Missouri, and operates a social networking site dedicated to tracking youth sports content on its website (URL: www.lockerdome.com). In addition, Lockerdome serves as a publishing platform for top media properties, celebrities and brands. Lockerdome's principal place of business is located at 1221 Washington Avenue, Saint Louis, Missouri.

**FACTS**

9. Plaintiff re-alleges paragraphs 1 through 8 as if fully set forth herein.

10. On or about February 15, 2015, Plaintiff took a professional-quality photograph of supermodel Bar Refaeli and her soon to be fiancé, Adi Ezra, at a gala event in New York, New York (the "Zimand Photo"). Both posed for and gave permission to Plaintiff to take the professional photos. Upon information and belief, as of the dates of the allegations herein, there were no other publicly available professional-quality photographs of the couple.

11. On or about March 9, 2015, Plaintiff submitted an application with the United States Copyright Office ("Copyright Office") to register the Zimand Photo under case number 1-2203061351. The application included the Zimand Photo (dsc.06094.jpg) as one among the "Times of Israel Gala Portraits 2015." On or about March 11, 2015, the Copyright Office issued Copyright Registration VAu001206111, which included the

Zimand Photo. A copy of the Registration is attached as Exhibit 1. A copy of the Zimand Photo is attached as Exhibit 2.

12. Bar Refaeli is a famous model, known throughout the world. She has appeared on the covers of reputed magazines *Elle*, *Marie Claire*, *Cosmopolitan*, *GQ*, *Esquire*, *Maxim*, and others. She has dated celebrity-actors and her dating life is therefore often extensively covered in the fashion and entertainment industry. Her relationship with Ezra prior to Refaeli's engagement to him has also been extensively covered within these industries. Refaeli has over 750,000 followers on Twitter and 1.6 million followers on Instagram. Each of these websites allows Refaeli to post and therefore publicize her activities in real-time to those followers.

13. On Plaintiff's photographs, Plaintiff employs the watermark "© 2015 David Zimand" ("Zimand Watermark"). Plaintiff provided Refaeli and Ezra the Zimand Photo electronically through a third party with the Zimand watermark superimposed.

14. On or about February 20, 2015, Zimand published the Zimand Photo on his business' Facebook site for the purpose of commercial exploitation of the Photo. The Zimand Watermark appeared on Plaintiff's self-published version of the Zimand Photo.

15. On or about February 24, 2015, Refaeli published the Zimand Photo bearing the Zimand Watermark on her Instagram and Facebook accounts.

16. On or about March 11, 2015, Refaeli and Ezra announced their engagement to be married.

17. On or about March 11 and 12, 2015, the Defendants published the Zimand Photo without authority from David Zimand. Each unauthorized publication of the Zimand Photo was available for viewing and viewed within this judicial district.

4

18. Defendant AOL published the Zimand Photo on its real estate website. *See* Exhibit 3, p. 1. Defendant ZoomIn upon information and belief provided the infringing copy of the Zimand Photo to Defendant AOL.

19. Defendant Stage 29 published the Zimand Photo on its Rumor Fix website. *See* Exhibit 3, p. 2.

20. Hello and Hola Media, Inc. published the Zimand Photo on its US Hello! website and on its NewAdamEve website. *See* Exhibit 3, pp. 3-4. Despite an August 20, 2015 notice from Plaintiff that Zimand is the exclusive owner of the Zimand Photo, Hello and Hola Media, Inc. has maintained the Zimand Photo on its U.S. websites, and derives traffic and on information and belief advertising revenue from its infringing use of the Zimand Photo.

21. Defendant FMD published an edited version of the Zimand Photo on its website by removing the Zimand Watermark. *See* Exhibit 3, p. 5.

22. Defendant Lockerdome published an edited Zimand Photo on its website without displaying the Zimand Watermark. *See* Exhibit 3, p. 6. Defendant Lockerdome did so, based on information and belief, by making a copy and storing the digital version of the Zimand Photo on its website from the website Gossip Center (URL: www.gossipcenter.com). Gossip Center's Zimand Photo content is created by Bluefin Media, Inc., a party Plaintiff previously sued and that subsequently settled with Plaintiff. Gossip Center's publication of the Zimand Photo was deleted from its website in August 2015. Yet, Lockerdome continued to display the edited Zimand Photo in October 2015, well after the removal of the same image from the Gossip Center website.

23. At no time did Plaintiff grant either permission or authority to Defendants to post

the Zimand Photo, nor to alter the Zimand Watermark.

24. By editing and in instances cropping the Zimand Watermark from the Zimand Photo and posting the Zimand Photo on their websites, Defendants acted with at least reckless disregard of Plaintiff's rights as copyright owner of the Zimand Photo.

## JURISDICTION

25. Plaintiff re-alleges paragraphs 1 through 24 as if fully set forth herein.

26. This Court has subject matter jurisdiction of this matter pursuant to 17 U.S.C. sections 106, 113 & 501 through 505 and 28 U.S.C. sections 1331 and 1338(a).

27. This Court has general personal jurisdiction over the Defendants AOL, Stage 29, Hello and Hola Media, Inc., FMD and as the companies conduct systematic and continuous business within New York State and, on information and belief, treat New York State as a corporate domicile and/or residence.

28. This Court has specific personal jurisdiction over the Defendants collectively because the infringing Zimand Photo originates from New York State and are related to New York State, and Defendants have purposefully availed themselves of New York State. Plaintiff took the Zimand Photo at a New York event within this judicial district, and Defendants have published the Zimand Photo on information and belief intentionally to generate traffic to their respective websites from internet users including those residing in this judicial district and throughout New York State.

## VENUE

29. Plaintiff re-alleges paragraphs 1 through 28 as if fully set forth herein.

30. Venue is proper in this judicial district under 28 U.S.C. sections 1391 and 1400, as certain Defendants are domiciled/reside in New York State and as a substantial part of the events giving rise to the claim occurred in New York State.

## COPYRIGHT INFRINGEMENT

31. Plaintiff re-alleges paragraphs 1 through 30 as if fully set forth herein.

32. Defendants have violated the exclusive copyright rights of the Plaintiff by publishing an edited version of the Zimand Photo by deleting Plaintiff's watermark and failing to attribute ownership to the proper party or publishing an unedited Zimand Photo without the permission or authority of Plaintiff.

33. Plaintiff has complied in all respects with the United States Copyright Act and all other laws respecting copyright by first publishing the Zimand Photo on his business Facebook webpage and thereafter applying and receiving copyright registration of the Zimand Photo.

34. Plaintiff caused Defendants to be on actual or constructive notice of Plaintiff's copyright ownership of the Zimand Photo.

35. Notwithstanding Defendants' notice and knowledge of Plaintiff's rights and without Plaintiff's permission or authority, Defendants have copied, used, disseminated, and digitally manipulated and/or altered the Zimand Photo.

36. Defendants' acts of infringement have been willful.

37. The unauthorized and infringing use by Defendants of Plaintiff's copyrighted materials will unless enjoined, cause irreparable harm, damage and injury to Plaintiff. In addition, Defendants have unlawfully and wrongfully derived and will continue to derive income and profits from their infringing acts.

## JURY DEMAND

Plaintiff demands a trial by jury on all jury-triable issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants for:

a. A permanent injunction enjoining Defendants and their agents, servants, and employees from infringing in any manner Plaintiff's copyright and from copying, disseminating, altering or otherwise disposing of any copies thereof following a final decision in this action;

b. An accounting for payment to Plaintiff of all of the following sums:

All gains, profits and advantages derived by Defendants as a result of their infringement of Plaintiff's copyright, statutory damages or such damages as the Court shall deem proper and within the provisions of the copyright statute, 17 U.S.C. section 1 et seq.

c. The delivery by Defendants, their agents, employees and all holding with, through or under, or anyone acting on their behalf to be impounded of all articles alleged to infringe the copyright of Plaintiff;

d. Delivery by Defendants, their agents, employees and all holding with, through, or under or anyone on their behalf for destruction following a final decision in this action, of all infringing copies including all infringing derivative images, digital files, magnetic tapes, optical disks, and other means for making infringing copies;

e. Reasonable attorneys' fees, interest and costs of suit; and

f. Such other and further relief as the Court deems equitable and just.

GARSON SEGAL STEINMETZ
FLADGATE LLP

Dated: December 23, 2015    By: _____/s/_____
Michael Steinmetz (MS-3641)
Kevin Murphy (KM-2370)
164 W. 25th Street
New York, New York 10001
Tel: (212) 380-3623
Fax: (212) 537-4540